Beasley v. Henry.

---

## Benjamin F. Beasley et al., Ex'rs,
### v.
## Martha Henry.

PROMISE TO PAY THE DEBT OF ANOTHER.—Appellee having a first mortgage upon certain lands, consented with the mortgagor that the same might be subordinated to the lien of another mortgage which he was to give appellant's testator, which was done. This release, as claimed by appellee, was made upon the promise of the second mortgagee to pay appellee's claim, and would be, no doubt, a sufficient consideration to support a promise by the second mortgagee to pay appellee; but the evidence fails to show such a promise, and it was error to allow appellee's claim against the estate of the second mortgagee.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed June 29, 1880.

Mr. WILLIAM BROWN and Mr. R. D. RUSSELL, for appellants.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellee; that the suit was properly brought in the name of Mrs. Henry, cited Steel v. Adams, 77 Ill. 471; Eddy v. Roberts, 17 Ill. 505; Brown v. Strait, 19 Ill. 88; Bristow v. Lane, 21 Ill. 194.

The consideration for the undertaking was sufficient: Buchanan v. International Bank, 78 Ill. 500; Burch v. Hubbard,

48 Ill. 164; Cooke v. Murphy, 70 Ill. 96; Funk v. Hough, 29 Ill. 145; Cassell v. Ross, 33 Ill. 245.

Interest was properly computed at ten per cent. after maturity of the note: Phinny v. Baldwin, 16 Ill. 108; Entyre v. McDaniel, 28 Ill. 201.

DAVIS, J.   This was a claim presented to the County Court of Morgan county, by appellee, against the estate of William Orear, deceased.

The claim was disallowed, an appeal was taken to the circuit court, and there appellee obtained a judgment for $1,845.35, and from that judgment this appeal was taken.

On the 16th of September, 1874, Joseph Hayes executed his note to appellee for $1,210, due one day after date, with interest at the rate of ten per cent. per annum, and also executed to her his mortgage to secure the same on about 200 acres of land in Nebraska. This mortgage was not recorded.

On the 20th of March, 1875, appellee signed an instrument in writing, whereby she consented that the said mortgage should be subordinated to the lien of William Orear on said land, together with other lands, created by a trust deed executed by said Joseph Hayes to H. E. Dummer and E. P. Kirby, trustees, of the date of 24th February, 1875, to secure $4,400 due said Orear.

Joseph Hayes executed his note of date March 1st, 1875, to William Orear for $4,400, due three years after date, bearing interest at the rate of ten per cent. per annum; and to secure this note Hayes executed two trust deeds on said Nebraska land and land in Morgan county, Illinois; and on the 20th of March, 1875, Orear paid to Hayes, by a check on the Jacksonville National Bank, the sum of $4,400, which amount was placed to the credit of Hayes, and by him afterwards drawn out.

It is claimed by appellee, that she executed the instrument in writing, whereby she consented that her mortgage should be subordinated to the lien of the trust deed executed by Hayes, on a promise made by Orear that he would pay to her the amount which was due her on the note and mortgage executed to her by Hayes.

Beasley v. Henry.

The surrender of her prior lien on the Nebraska land would have supported a promise made by Orear to pay her the amount due her by Hayes, if it has been proven that such a promise was made. But we think the evidence fails to show any such promise.

Appellee relies on the testimony of Hayes, and of a witness by the name of McGhee, who has presented a similar claim against the estate for over six hundred dollars. The former testified, substantially, that he knew of no contract arrangement between Orear and the claimants, appellee and McGhee. Orear agreed with him to pay McGhee or furnish him the money to pay him, and in June following would furnish the money to pay appellee's claim. Judge Dummer made a release, and appellee signed it to satisfy the mortgage on the land, with the understanding that Orear was to furnish the amount of her claim in June to pay her off, so that he could have a mortgage on all the premises. He further testified, that he took the release to her and she signed it, and he told her that Orear would furnish the money in June following to pay her claim. With that understanding she signed it, as the witness said, for him. Orear wanted his mortgage paid, and to get that, he agreed to pay the claims of McGhee and appellee, or furnish the money to the witness. On cross-examination he testified, that he was not present at any interview between McGhee and Orear in which the claim set up in this case was the subject of conversation.

Orear agreed with the witness, that he would either pay McGhee or furnish the money to him to pay him; in order to get McGhee's mortgage on the land released.

Orear said he was well enough secured to let him have the money to pay McGhee. Nothing was said about giving Orear any other security. He never paid Orear or secured him in any way or manner whatever for paying his indebtedness to McGhee. He further testified on cross-examination, that appellee's claim was a note of $1,000 against him; that he was never present at any interview between the parties; that Orear agreed with him, that if appellee would release her mortgage, he would furnish him the money to pay her claim; that he

secured Orear for paying his indebtedness to appellee by getting her to release her mortgage, and by giving him a mortgage on the premises; that he agreed to pay her or furnish him the money to pay her.

McGhee testified, substantially, that he signed the name of appellee to the release; that Hayes brought the release to appellee, and witness signed it at her request; that he saw Orear, and the latter asked him if appellee and he would make the arrangement; that Orear said, if he made the trade, he would pay appellee and the witness in June; that he wanted the first mortgage. Witness testified, he was never present at any conversation between Hayes and Orear; that Orear told him he would let Hayes have the money in June.

This evidence shows conclusively, that no interview ever took place between Orear and appellee, and that no promise was made by the former to the latter, except such as may arise from the statements made by Orear to Hayes and McGhee.

It seems that Hayes was desirous of obtaining a loan from Orear, and to secure the same, the land on which appellee and McGhee held mortgages was required. Orear was willing to loan $4,400, the sum desired, if he could obtain the first lien on the Nebraska and Morgan county lands, and to accomplish this, he made the proffers testified to by Hayes and McGhee, that if appellee and McGhee would release their liens, he would pay them their claims or furnish the money to Hayes with which to pay them.

And did not Orear do one of the two things which he agreed to do?

The evidence discloses, that on the 20th day of March, 1875, appellee consented in writing that her mortgage should be held subordinate to the lien of Orear on the same land, and on the same day, and we may presume on the delivery of that consent in writing to him, Orear paid to Hayes $4,400 in cash. With this money so furnished, Hayes, if he had acted honestly, should have paid to appellee and McGhee the amount of their respective claims, instead of keeping the money due to them himself

If Orear had made an absolute promise to appellee and McGhee to pay them the amounts due them by Hayes, he should

have retained in his own hands so much of the $4,400 loaned to Hayes as would have discharged their several claims. But the evidence establishes no such promise. He was at liberty to pay to them their claims, or to furnish to Hayes the money with which to discharge his debts to them.

It cannot reasonably be claimed that Orear would loan $4,400, and with great care secure the same by a first lien on real estate, and at the same time pay or give to appellee and McGhee over $2,000 without any security whatever, or any evidence of indebtedness from any person to him for that amount.

Had it appeared in the transaction that the notes and mortgages executed to appellee and McGhee had been assigned by them to Orear, then it could reasonably be inferred that Orear considered the land in Nebraska and Morgan county ample security for the $6,400 which would be required to make the loan of $4,400 to Hayes and pay to appellee and McGhee the amount of their claims.

The whole transaction, viewed in a reasonable and business light, was that the $4,400 received by Hayes from Orear was a new loan, to be secured on the Nebraska and Morgan county lands, out of which new loan Hayes was to discharge the liens of his old mortgage indebtedness to appellee and McGhee.

We think the court below erred in allowing appellee's claim against the estate of Orear, and the judgment must be reversed and the cause remanded.

Judgment reversed.